960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Raymond LEWIS, JR., Defendant-Appellant.
 No. 91-5302.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 5, 1992
Decided: April 23, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Clyde H. Hamilton, District Judge. (CR-90-470-3)
 ARGUED: John Herman Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 lliam G. Yarborough, III, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 On Brief: E. Bart Daniel, United States Attorney, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL, WILKINSON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Raymond Lewis appeals his conviction for carrying a firearm during a crime of violence in violation of 18 U.S.C.s 924(c)(1) (1988). Lewis contends that the weapon he used to rob a bank in St. Andrews, South Carolina, was an air gun, not a revolver, and that the evidence presented at trial was insufficient to support a firearms conviction under section 924(c)(1). We affirm.
 
 I.
 
 2
 On January 14, 1991, Lewis pled guilty to bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) (1988). However, Lewis pled not guilty to carrying a firearm during a crime of violence in violation 18 U.S.C. § 924(c)(1), and proceeded to trial on the section 924(c)(1) charge.
 
 
 3
 The evidence presented at Lewis' trial showed that on October 5, 1991, the Appellant entered North Carolina National Bank in St. Andrews, South Carolina and pointed a gun at teller Harriet Zanders. Lewis then instructed Zanders to place money into a small backpack. On direct examination, Zanders described Lewis' weapon as "a black gun, a dark gun." (J.A. at 27.) When asked if Lewis' weapon appeared to be an air gun, Zanders responded, "Not to me, I would say no," but also explained that, from her perspective, "a gun is a gun." Id. Zanders stated that she did not notice any "kind of pump" or other feature on the gun which would indicate that the weapon was an air gun rather than a firearm, and also agreed that the weapon appeared "to be a standard gun." Id.
 
 
 4
 On cross-examination, Zanders acknowledged that she did not own a revolver and had never handled that type of firearm. In addition, Zanders acknowledged that she had never handled an air pistol, although she had previously fired an air rifle.
 
 
 5
 F.B.I. Special Agent Randy Mondor, who questioned Lewis after his arrest, testified that Lewis stated in a confession that the "gun was a revolver and he ... put it in the backpack, and he threw it into the Broad River." (J.A. at 44.) At trial, Appellant Lewis insisted that he only "had a BB gun" when he went into the bank. (J.A. at 57.) While admitting that he told F.B.I. agents that he "had a gun," (J.A. at 63), Lewis contended that he confessed to carrying a gun only because he would have "looked stupid" if he admitted to carrying only an air pistol. (J.A. at 64.) Moreover, Lewis asserted that if the F.B.I. agents had asked what kind of gun it was, he "would have probably said BB gun." Id.
 
 
 6
 On January 15, 1991, the jury returned a verdict of guilty on the charge that Lewis carried a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). The district court entered judgment accordingly. Lewis timely appealed his conviction. As explained below, we determine that the evidence adduced at trial was sufficient to support Lewis' firearm conviction under section 924(c)(1).
 
 II.
 
 7
 Our disposition of United States v. Jones, 907 F.2d 456 (4th Cir. 1990), cert. denied, 111 S. Ct. 683 (1991), is persuasive here. Appellants in Jones challenged "the sufficiency of the evidence on their convictions under 18 U.S.C. § 924(c) for using a 'firearm' to commit" armed bank robbery. Id. at 460. This court observed,
 
 
 8
 They contend that the only evidence that a firearm was used came from testimony of witnesses unfamiliar with firearms and from bank photographs. The argue that for a"firearm" conviction, at a minimum an expert should identify a firearm in bank photographs.
 
 
 9
 This argument is ... without merit. The government need not present expert testimony to support a conviction under § 924(c). As five eyewitnesses testified that a gun was used in the robbery, there was evidence from which rational triers of fact could find guilt beyond a reasonable doubt on the firearms charge.
 
 
 10
 Id. (citation omitted). The Fourth Circuit affirmed the convictions of two defendants in Jones for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). See 907 F.2d at 457, 469.
 
 
 11
 Here, one eyewitness, bank teller Harriet Zanders, gave testimony indicating that Appellant Lewis used a firearm rather than an air pistol to rob the bank. Like the five eyewitnesses in Jones, 907 F.2d at 460, Zanders was arguably unfamiliar with firearms. However, F.B.I. Special Agent Randy Mondor also testified that Lewis told him the gun was a "revolver," a term commonly used to describe a firearm or handgun.[1] In considering an attack on the sufficiency of this evidence after a jury verdict of guilty, we are bound to view the evidence and all reasonable inferences drawn from it in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Laughman, 618 F.2d 1067, 1075 (4th Cir.), cert. denied, 447 U.S. 925 (1980). We are persuaded that Zanders' testimony together with Mondor's testimony constituted evidence from which rational triers of fact could properly find Lewis guilty beyond a reasonable doubt on the section 924(c)(1) charge. See Jones, 907 F.2d at 460.
 
 
 12
 For the foregoing reasons, the judgment of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 A revolver is defined, for example, as "a handgun with a revolving cylinder of several chambers each holding one cartridge and allowing several shots to be fired in succession without reloading." Longman Dictionary of the English Language 1275 (1st ed. 1984)